An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-497

NORTH CAROLINA COURT OF APPEALS

Filed:  21 October 2014

STATE OF NORTH CAROLINA

    v.

LINDA DAYE GEORGE

Surry County
No. 12 CRS 53852

Appeal by defendant from judgment entered 11 December 2013 by Judge Edwin G. Wilson, Jr., in Surry County Superior Court. Heard in the Court of Appeals 22 September 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Kimberly Grande, for the State.*

> *Wait Law, P.L.L.C., by John L. Wait, for defendant-appellant.*

McCULLOUGH Judge.

Defendant Linda Daye George appeals from a judgment entered upon a jury verdict finding her guilty of malicious conduct by a prisoner. The trial court sentenced defendant to a suspended term of 16 to 29 months imprisonment and placed her on supervised probation for 36 months. Defendant gave notice of appeal in open court.

Defendant's sole argument on appeal is that the trial court erred in denying defendant's motion to instruct the jury on the charge of misdemeanor assault on a law enforcement officer. Defendant contends she was entitled to the instruction because misdemeanor assault on a law enforcement officer is a lesser included offense of malicious conduct by a prisoner and the facts of her case satisfy both offenses. Defendant is incorrect.

It is well established that "[a] defendant 'is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.'" *State v. Crouse*, 169 N.C. App. 382, 386, 610 S.E.2d 454, 457 (quoting *State v. Leazer*, 353 N.C. 234, 237, 539 S.E.2d 922, 924 (2000)), *disc. review denied*, 359 N.C. 637, 616 S.E.2d 923 (2005). However, North Carolina courts use "'a definitional test for determining whether a crime is in fact a lesser offense that merges with the greater offense.'" *Id.* (quoting *State v. Kemmerlin*, 356 N.C. 446, 475, 573 S.E.2d 870, 890 (2002)). Using the definitional test, this Court has held that "misdemeanor assault on a government official is not a lesser included offense of felony malicious conduct by a prisoner." *Id.* Accordingly, the trial

court did not err in denying defendant's motion to instruct the jury on the charge of misdemeanor assault on a law enforcement officer as a lesser included offense to malicious conduct by a prisoner.

No error.

Judges CALABRIA and GEER concur.

Report per Rule 30(e).